# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

HAROLD ALEXANDER BYRD

Defendant.

**CRIMINAL COMPLAINT**

CASE NUMBER: 13- 883 BPG

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief: On or about the 22nd day of April, 2013, at or near the County of Baltimore, in the District of Maryland, the defendant, HAROLD ALEXANDER BYRD, did knowingly and intentionally possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

I further state that I am a Special Agent with the Drug Enforcement Administration and that this complaint is based upon the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part thereof:  ☐ Yes  ☐ No

_____
TFO David Phillips
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

__4-23-13  1:20pm__     at   Baltimore, Maryland
Date and Time Issued

_____
Honorable Beth P. Gesner
United States Magistrate Judge

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I. Purpose of the Affidavit

1. This affidavit is submitted in support of a criminal complaint charging Harold Alexander Byrd with possession with the intent to distribute five kilograms (5000 grams) or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. Section 841. The maximum penalty for this offense is life imprisonment, a fine of $10,000,000, and five years of supervised release. A mandatory minimum sentence of ten years is also applicable to this offense.

II.
2. Your Affiant, David Phillips, is an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18 of the United States Code. Specifically, your Affiant is currently deputized as a federal Task Force Officer with the Drug Enforcement Administration.

3. Your Affiant has been a duly constituted member of the Baltimore County Police Department since October 1995. Upon graduation of the Baltimore County Police Department Training Academy, your Affiant was assigned to the Precinct 11/Essex patrol division. In August of 2000, your Affiant was assigned to the Precinct 11 Investigative Services Unit and

has been assigned to the Baltimore County Narcotics Section since July of 2002.

4. Your Affiant has received 40 hours of training in the investigation of controlled dangerous substances while attending the Baltimore County Police Academy which dealt with the identification, distribution and packaging of different types of controlled dangerous substances. Your Affiant has also updated training every year at in-service training classes. Your Affiant has received specialized training that has included the following: DEA SOD Telecommunications Exploitation Program; DEA SOD Internet Telecommunications Exploitation Program; DEA Financial Investigation Seminar; DEA Task Force Officer Training; Maryland State Police Top Gun Undercover Narcotic Investigation School; Electronic Surveillance and Wire Tap School; Drug Recognition Seminar; Basic Criminal Investigation Seminar; MAGLOCLEN Interview and Interrogation Conference; BCoPD Interview and Interrogation Seminar; Cellular Phone Fraud Investigation; Search and Seizure Seminar.

5. During your Affiant's tenure with the Baltimore County Police Department, he has participated in the writing, preparation, and execution of numerous search and seizure warrants, which have resulted in the seizure of quantities of controlled dangerous substances, assorted items of packaging materials, paraphernalia related to the narcotics trade, ledger sheets, customer lists, currency and weapons used in the furtherance of illegal narcotics trafficking.

6. While assigned to the Narcotics Section for the Baltimore County Police Department, your Affiant has made several controlled purchases of controlled dangerous substances while acting in an undercover capacity.

7. Your Affiant has participated in numerous prior investigations that have utilized court ordered interception of wire communications as an investigative tool; therefore, your Affiant is familiar with the lawful use of electronic and wire surveillance equipment in investigations of distribution of controlled dangerous substances. Through these experiences your Affiant has lawfully intercepted conversations and become familiar with jargon related to the distribution of controlled dangerous substances.

8. As a result of his law enforcement experience, your Affiant, TFO Phillips, has debriefed numerous defendants, cooperating witnesses, and others who have had experience in the distribution, packaging, and distribution of controlled dangerous substances. Consequently, your Affiant has become familiar with the phraseology and practices of those that abuse and illegally distribute controlled dangerous substances.

III. Probable Cause

9. Investigators obtained a search warrant for premises at 2923 Merrymans Mill Road, Phoenix, MD 21131 from United States Magistrate Judge Timothy J. Sullivan. The premises are the residence of Harold Alexander Byrd. Byrd has been observed on numerous occasions entering and leaving the premises, and court-authorized GPS tracking devices have placed Byrd consistently at the home.

10. On April 22, 2013, investigators made entry to and searched 2923 Merrymans Mill Road, Phoenix, MD 21131. Byrd was not present, as he was taken in custody during the execution of a related search warrant at 5819 Moravia Road, Baltimore, MD. Approximately 500 pounds of

marijuana was seized at the Moravia Road premises, and Byrd and others were arrested.

11. Inside the premises at 2923 Merrymans Mill Road, Phoenix, MD, investigators recovered approximately 5 kilograms of cocaine from the master bedroom area of the home. An additional 250 grams of cocaine was found in a work-room inside the home. Approximately 1200 grams of marijuana were also recovered. The substances were field-tested and the results were positive for the presence of cocaine and marijuana. Seventy-three black plastic Stanley containers were recovered. These containers are used to conceal 100 pound quantities of marijuana during shipment from Arizona to Maryland. Based on your affiant's training and experience, the 5.25 kilograms of cocaine have a street wholesale value of approximately $150,000, and is a quantity intended for distribution and not for personal use.

12. In addition to the narcotics referenced above, investigators recovered three handguns, one AK-47, and four sets of body armor from the residence.

13. Based on the foregoing, I submit that there is probable cause to believe that Harold Alexander Byrd did knowingly and intentionally possess and possess with the intent to distribute five kilograms (5000 grams) or more

of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. Section 841.

X _David Phillips_

David Phillips

DEA Task Force Officer

Subscribed and sworn before me on April 23, 2013,

Honorable Beth P. Gesner

U.S. Magistrate Judge